861 F.2d 303
 274 U.S.App.D.C. 70
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Wilfred J. CRUZ, Sr., Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, Holland
& Lyons Restoration Company, and Harford Mutual
Insurance Company, Respondents.
 No. 87-1724.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 12, 1988.
 
 Before HARRY T. EDWARDS, BUCKLEY and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on the petition for review from the Benefits Review Board, United States Department of Labor, and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the petition for review of the Benefits Review Board order filed September 30, 1987, be denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Petitioner Wilfred J. Cruz seeks review of a decision of the Benefits Review Board, United States Department of Labor. That decision affirmed an administrative law judge's ("ALJ") order which denied Cruz's claim under the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA")[1] for temporary total disability benefits from June 22, 1979 to June 13, 1981, and permanent partial disability benefits beginning June 14, 1981. We deny the petition for review.
 
 
 5
 Under the LHWCA, the Board is bound to regard the ALJ's findings of fact as conclusive is supported by substantial evidence on the record as a whole. 33 U.S.C. Sec. 921(b)(3). See Stevenson v. Linens of the Week, 688 F.2d 93, 96-97 (D.C.Cir.1982). As a result, this court must ascertain "(1) whether the Board adhered to the applicable scope of review, (2) whether the Board committed any errors of law, and (3) whether the ALJ's findings are supported by substantial evidence on the record considered as a whole." Crum v. General Adjustment Bureau, 738 F.2d 474, 477 (D.C.Cir.1984). See Marcus v. Director, Office of Workers' Compensation Programs, 548 F.2d 1044, 1049 (D.C.Cir.1976).
 
 
 6
 Cruz contends that the ALJ erred in finding that his back injury did not occur in the course of his employment. Cruz claims that on Friday, June 22, 1979, while working at respondent Holland & Lyons Restoration Company's construction area, he felt a "slight tug" in his back as he attempted to slide a security door into place. Cruz states that, as a result, on Sunday, June 24, 1979, he went to the hospital where he was treated for back pain. Cruz called his supervisor that day and allegedly informed the supervisor that he had been injured on the job.
 
 
 7
 There is substantial evidence in the record corroborating the ALJ's conclusion that Cruz's back injury did not arise out of or occur in the course of his employment. See Wheatley v. Alder, 407 F.2d 307, 314 (D.C.Cir.1968) (If supported by substantial evidence, all inferences drawn by the ALJ from conflicting evidence are entitled to deference and are conclusive.). Cruz's supervisor, who no longer works at Holland & Lyons, recounted that he did not receive any call from Cruz on June 24, 1979. The supervisor maintained that he first learned that Cruz was injured when he did not report to work on Monday, June 25, 1979. On that date, Cruz's son apparently told the supervisor that Cruz had injured his back over the weekend and that the injury was not job-related. The supervisor's statements are corroborated by Mr. Thomas Pitetti, a former manager at Holland & Lyons. Pitetti stated that he also spoke with Cruz's son who informed him that Cruz's injury was not work-related. The "Employer's First Report of Injury," which was filled out by Pitetti, notes that Cruz's injury occurred over the weekend and was unrelated to his employment. In addition, the record supports the ALJ's finding that Cruz had a history of back pain prior to June 22, 1979, the cause of which was unrelated to his employment. Because the ALJ's decision is supported by substantial evidence, the Board correctly affirmed the decision to deny disability benefits. See Crum, 738 F.2d at 478 (The Board is "bound to adhere to the ALJ's determination ... if that conclusion was supported by substantial evidence."). Finding no error, the petition for review is denied.[2]
 
 
 
 [1]
 33 U.S.C. Secs. 901-50. The LHWCA provided workers' compensation to individuals employed in the District of Columbia until July 1982. See D.C.Code Ann. Sec. 36-501 (1973). See also Gustafson v. International Progressive Enterprises, 832 F.2d 637, 638 n. 1 (D.C.Cir.1987). Injuries incurred after that date are covered by the District of Columbia Workers' Compensation Act of 1979, D.C.Code Secs. 36-301--36-345. Because Cruz's claim arose prior to the effective date of the Workers' Compensation Act of 1979, this case is governed by the LHWCA
 
 
 [2]
 We also reject Cruz's assertions of conspiracy and collusion. Those claims are unsupported and wholly without merit